UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND:

JOHN MONK,
Plaintiff,
v.

US AIRWAYS, INC.,
and DIANA OMBRELLARO
Defendants.

CA 07 354 ML

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND:

PLEASE TAKE NOTICE that the Defendant, US Airways, Inc. ("US Airways") hereby serves notice of removal of the above-entitled action from the Kent County Superior Court of the State of Rhode Island to this Court pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. Removal is proper for the following reasons:

1. On or about August 27, 2007, US Airways was served with Plaintiff's Amended Complaint and Summons, in an action commenced in Kent County Superior Court in the State of Rhode Island entitled John Monk v. US Airways, Inc. and Diana Ombrellaro, Civil Action No. KC-07-0951. Copies of the Amended Complaint and Summons are attached hereto as Exhibit A. Defendant Diana Ombrellaro was also served at the same time. Following service, Plaintiff agreed to allow Defendants an extension of the deadline for Defendants to file a responsive pleading to Plaintiff's Amended Complaint to and including October 1, 2007.

2. The Amended Complaint alleges that, in or about April 2005, Ms. Ombrellaro prevented Plaintiff John Monk ("Plaintiff") from bidding on a contract to clean US Airways'

airplanes, on the basis of his race. Plaintiff filed a charge of discrimination with the Rhode Island Commission for Human Rights ("RICHR") on or about March 31, 2006. Thereafter, Plaintiff requested a Right to Sue letter, which was issued by the RICHR on January 31, 2007. A copy of Plaintiff's charge and Right to Sue letter is attached as Exhibit B.

3. Plaintiff filed the Amended Complaint on or about August 27, 2007, alleging that the action in 2005 was in violation of the Fair Employment Practices Act ("FEPA"), RI Gen. Laws § 28-5-1, and the Rhode Island Civil Rights Act ("RICRA"), RI Gen. Laws § 42-112-1. The Amended Complaint was brought against both US Airways and Diana Ombrellaro ("Defendant Ombrellaro").

4. Pursuant to RIGL Gen. Laws § 28-5-24.1, a suit under FEPA must be commenced within 90 days of the date of a Right to Sue letter. Because the Amended Complaint was filed approximately 210 days after the date on the Right to Sue letter, Plaintiff cannot proceed under FEPA against Defendant Ombrellaro. On information and belief, Plaintiff originally filed a Complaint solely against US Airways, and not Defendant Ombrellaro.

5. Actions under the RICRA must be commenced within one year of the alleged discriminatory action. See Horn v. Southern Union Co., 2007 RI LEXIS 87 (RI Sup. Ct. June 27, 2007) (holding that the statute of limitations under RICRA is one year). Because the Amended Complaint was filed over two years after the alleged discriminatory action, Plaintiff cannot proceed under the RICRA against Defendant Ombrellaro.

6. Because Plaintiff has failed to allege any viable cause of action against Defendant Ombrellaro, her presence in the suit constitutes fraudulent joinder. See Lawrence Builders, Inc. v. Kolodner, No. 06-013ML, 2006 U.S. Dist. LEXIS 7727, at *6-7 (D. R.I. February 14, 2006)

(where complaint failed to state a cause of action against non-diverse defendants, inclusion of non-diverse defendants constituted "fraudulent joinder").

7. In Lawrence, the court considered whether diversity of citizenship existed, where plaintiff brought suit against two diverse defendants regarding compliance with a building contract. The plaintiff also named two non-diverse defendants, but failed to allege any cause of action against the two non-diverse defendants. The court held that the lack of a cause of action against the non-diverse defendants constituted fraudulent joinder. See Lawrence, 2006 U.S. Dist. LEXIS at *7-8 ("[f]raudulent joinder is a judicially-created doctrine which applies to two situations: (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court. . . Because fraudulent joinder describes any improper joinder, a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden." (citing Gabrielle v. Allegro Resorts Hotels, 210 F.Supp.2d 62, 66 (D. R.I. 2002) and Coughlin v. Nationwide Mut. Ins. Co., 776 F.Supp. 626, 628 n.3 (D. Mass. 1991))). The court further held that jurisdiction should be analyzed without reference to the non-diverse defendants, because parties "fraudulently joined to defeat removal . . . [are] disregarded in determining diversity of citizenship." Id. at *6, citing Polyplastics, Inc. v. Transonex, Inc., 713 F.2d 875, 877 (1st Cir. 1983).

8. Judge Lisi reached the same conclusion in Antonucci v. Life Care Centers of America, et al, U.S. District Court Docket No. 1:06-cv-00108-ML. In that case, the plaintiff filed a complaint in state court against an out-of-state corporate defendant and two individual defendants who resided in Massachusetts, alleging violations of FEPA and RICRA. The plaintiff also brought the claim against a Rhode Island corporation which had formerly owned the facility

where the plaintiff worked. Following removal by defendants based on diversity jurisdiction, the plaintiff sought to remand – citing the non-diverse citizenship of the former owner. Judge Lisi denied the motion to remand, noting that any cause of action under FEPA or RICRA was time-barred. Because there was no viable cause of action that could be brought against the non-diverse defendant, Judge Lisi analyzed diversity jurisdiction based on the remaining defendants, and denied the motion to remand. A copy of Judge Lisi's Order denying remand is attached hereto as Exhibit C.

9. In the instant case, jurisdiction should be analyzed based solely on the citizenship of US Airways, because Plaintiff is barred from proceeding against Defendant Ombrellaro under either FEPA or RICRA. US Airways is a Delaware corporation, with a principle place of business in Tempe, Arizona. Plaintiff has alleged Rhode Island citizenship. Accordingly, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship, the parties being of different states.

10. Plaintiff has alleged causes of action, the potential recovery for which exceeds the $75,000.00 jurisdictional prerequisite, exclusive of interest and costs.

11. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441.

12. Defendants will notify the Kent County Superior Court and all parties of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal. A copy of that notification, which will be sent to the Kent County Superior Court, is attached hereto as Exhibit D.

Respectfully submitted,

Defendant,
US Airways, Inc.,
By its attorneys,

Christopher J. Campbell (R.I. Bar No. 6611)
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: September 18, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September, 2007, I caused a copy of the foregoing document to be served by overnight mail on Plaintiff's attorney, Casby Harrison, III, Esquire, Harrison Law Associates, 807 Broad Street, Suite 100,
Providence, RI 02907.

Jackson Lewis LLP