# EXHIBIT A

**STATE OF RHODE ISLAND**
**KENT, SC.**

**SUPERIOR COURT**

| | |
|---|---|
| **JOHN MONK** | : |
| *Plaintiff,* | : |
| v. | : |
| | : C.A. No.: 07 - |
| **US AIRWAYS, INC. and DIANE OMBRELLARO, in her Individual capacity** | : |
| *Defendant,* | : |

**AMENDED COMPLAINT**

Plaintiff, John Monk hereby complains that he was the victim of racial discrimination at the hands of the Defendants, US Airways, Inc. and Diane Umbrellaro. Plaintiff alleges the following:

**JURISDICTION AND VENUE**

1. Plaintiff invokes the jurisdiction of this Court as the amount in controversy exceeds $10,000.00 and this Court has jurisdiction to adjudicate violations of the Rhode Island Fair Employment Practices Act 28-5-1 as well as violations of the Rhode Island Civil Rights Act 42-111-2, et. seq.

2. Venue is proper in this Court since the Defendant US Airways, Inc. transacts its business out of offices located at T.F. Green Airport in Warwick, RI and Defendant Diane Ombrellaro resides in Rhode Island and Plaintiff, John Monk, resides in Providence, Rhode Island.

**COUNT - 1**
**DISPARATE TREATMENT BASED ON RACE UNDER THE RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT RIGL 28-5-1, ET SEQ.**

3. Plaintiff resides in Providence, Rhode Island.

4. Defendant US Airways, Inc. has corporate offices in Tempe, AZ and transacts business locally out of offices located at T.F. Green Airport in Warwick Rhode Island.

5. Defendant Diane Umbrellaro is employed by US Airways, Inc. in the T.F Green Airport in Warwick, RI. and upon information and belief, Ms. Umbrellaro is a resident of the State of Rhode Island.

6. Plaintiff is a Black employee of US Airways, Inc.

7. Plaintiff expressed an interest to his Station Manager Diane Ombrellaro in bidding on a contract to clean airplanes owned by US Airways.

8. Plaintiff's primary duties as an employee of US Airways, Inc.was to clean airplanes.

9. Defendant Diane Ombrellaro told Plaintiff that he could not bid because it would be a conflict of interest for an employee of US Airways to bid to provide services to US Airways.

10. Plaintiff did not bid.

11. Plaintiff subsequently learned that Diane Ombrellaro assisted Plaintiff's non Black coworker Larry Wise to bid on the same contract to clean airplanes that Ms. Ombrellaro told Plaintiff he was not eligible to bid on.

12. Plaintiff also learned that other non Black employees of US Airways were not only permitted to bid to provide services to US Airways while employed by US Airways, but who were in fact awarded contracts.

13. Defendant Diane Ombrellaro discouraged Plaintiff, who is Black, from bidding, but encouraged and assisted certain white and non Black employees of US Airways to bid to provide services to US Airways.

14. Plaintiff was sufficiently qualified and experienced to be among those persons from whom a selection to perform the airplane cleaning contract would be made.

15. Defendants US Airways, Inc. and Diane Umbrellaro knew or should have known their different treatment of Plaintiff on the basis of his race constituted a violation of Plaintiff's rights under the RI Fair Employment Practices Act set forth at RIGL 28-5-1 et. seq.

WHEREFORE, Plaintiff requests that this honorable Court find that the defendants engaged in racial discrimination in violation of the RI Fair Employment Practices Act. Plaintiff requests an award of compensatory damages consisting of the difference between what Plaintiff would have earned had he been awarded the airplane cleaning contract, and what Plaintiff actually did earn along with an award of punitive damages and the costs of this action and Plaintiff's reasonable attorney fees.

## COUNT - II
## VIOLATION OF THE RI CIVIL RIGHTS ACT OF 1990

16. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17. Defendants, US Airways, Inc. and Diane Umbrellaro knew or should have known their different treatment of Plaintiff on the basis of his race constituted a violation of Plaintiff's rights under the RI Civil Rights Act of 1990 set forth at RIGL 42-112-1.

18 Wherefore, Plaintiff requests that this honorable Court find that the defendants violated the RI Civil Rights Act of 1990. Plaintiff requests an award of compensatory damages consisting of the difference between what Plaintiff would have earned had he been awarded the airplane cleaning contract, and what plaintiff actually did earn along with an award of punitive damages and the costs of this action and Plaintiff's reasonable attorney fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, John Monk
By his Attorney,

Casby Harrison, III, R.I. Bar No. 3054
HARRISON LAW ASSOCIATES
807 Broad Street, Suite 100
Providence, RI 02907
Tel: (401) 467-2000
Fax: (401) 467-2001

**Dated: August 27, 2007**

# State of Rhode Island and Providence Plantations
## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [✓] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. ..........................

John Monk ........................................ Plaintiff

US Airways, inc and ........................................ Defendant
Diane Ombrellaro

***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ........ Casby Harrison ........ Plaintiff's attorney, whose address is ........ 807 Broad Street Providence RI 02907 ........ an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

........................................ CLERK

Dated: ........................................

(Seal of the Superior Court)

TRUE COPY ATTEST
Thomas Noury
Constable #6002
8/27/07

# State of Rhode Island and Providence Plantations

Providence ,SC

## PROOF OF SERVICE

I hereby certify that on the .......................................... day of .......................................... I served a copy of this summons and a copy of the complaint received therewith upon ..........................................

..........................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,.......................................... .........................................., with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, .......................................... .........................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..........................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..........................................

..........................................

..........................................

Sheriff's Fees

Travel ........................ $...........................

Service ........................ $...........................

$...........................

.......................................... Deputy Sheriff

CIVIL ACTION

FILE NO. ..........................................

SUMMONS

SUPERIOR COURT

John Monk

VS

US Airways, inc and Diane Ombrellaro

Casby Harrison
Harrison Law Assoc
807 Broad St
Providence RI 029
401-467-2000

ATTORNEY FOR PLAINTIFF

NOTE: Returnable to Plaintiff's Attorney forthwith af
service. Proof of service to be filed within time during whi
the person served must respond.