# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BARBARA ANTONUCCI,
Plaintiff,

v. C.A. No. 06-108ML

CHERRY HILL MANOR, CHERRY HILL NURSING HOME, LTD., LIFE CARE CENTERS OF AMERICA, INC., EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity,
Defendants.

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand this action to Rhode Island Superior Court. For the reasons set forth below, Plaintiff's Motion is denied.

I. Background

The plaintiff in this case, Barbara Antonucci, was employed by the Cherry Hill Manor Nursing Home ("CHM") from 1986 until she was terminated in October 2004. In her Complaint, filed in Rhode Island Superior Court in October 2005, Plaintiff alleges she was the victim of age discrimination. Plaintiff pursues her claim solely under state law and not the Americans with Disabilities Act or other federal statutes. Plaintiff names as Defendants Life Care Centers of

America, Inc. ("Life Care"), the entity which operates the nursing home, as well as two of her former supervisors, Pamela Charron and Steven Haase. Plaintiff also names Edward Mitson and Cherry Hill Nursing Home, Ltd. ("Cherry Hill") whom she identifies as the owners of CHM.

Defendants removed the case to this Court on March 8, 2006 on the basis of diversity jurisdiction. Defendants argue that Mitson and Cherry Hill, the sole Rhode Island Defendants, were fraudulently joined to defeat removal. Defendants assert that Mitson and Cherry Hill transferred their interest in CHM to Life Care in 1996; the evidence submitted in support of this assertion is a copy of a purchase and sale agreement between Cherry Hill and an entity named Cherry Hill Medical Investors Limited Partnership (Defs.' Mem. Obj. Mot. Remand Ex. A) and an affidavit from Life Care's corporate counsel swearing that Mitson and Cherry Hill transferred their interest in CHM to Life Care in 1996 (Defs.' Notice of Removal Ex. B).

On April 5, 2006, Plaintiff filed a Motion to Remand the case back to state court, insisting that the Rhode Island Defendants were legitimate parties to the action and that the failure to include them in the removal process rendered the removal defective.

A companion case, Ferruccio v. Cherry Hill Manor, No. 06-154 (D.R.I. July 6, 2006), was similarly filed in state court and removed to federal court. The defendants named in Ferruccio are exactly the same defendants named in this case, and the wrong complained of, age discrimination, spans the same period of time as that described in this case. On July 6, 2006, Magistrate Judge Lincoln D. Almond granted the Ferruccio plaintiff's motion to remand that action to state court. In his order, Magistrate Judge Almond explained that on the incomplete factual record he could not conclude as a matter of law that Mitson and Cherry Hill had been fraudulently joined. With those two defendants still in the suit, there was not complete diversity.

28 U.S.C. § 1332; Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005). Moreover, the two challenged defendants had not joined in the removal efforts of the other defendants, violating the rule of unanimity. Santa Rosa Med. Ctr., Inc. v. Converse of Puerto Rico, Inc., 706 F. Supp. 111, 113 (D.P.R. 1988). Therefore, Magistrate Judge Almond found that remand of the action back to state court was required.

After Magistrate Judge Almond's decision, the Defendants in this case submitted an affidavit from Mitson which attested to the transfer of interest in CHM that occurred in 1996. Mitson averred that his interest and that of Cherry Hill in CHM ended in 1996, and that neither he nor Cherry Hill has maintained any ongoing relationship with CHM. Plaintiff has not challenged these new facts.

With these supplemental facts in evidence, the Court considers the jurisdictional question anew. Plaintiff charges the Defendants with age discrimination in violation of the Rhode Island Fair Employment Practices Act ("FEPA"), R.I. Gen. Laws §§ 28-5-1 to -42, and the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws §§ 42-112-1 to -2. Under FEPA, the statute of limitations is one year. R.I. Gen. Laws § 28-5-17. For a RICRA claim, Rhode Island's three-year residual statute of limitations for actions involving injuries to the person applies. Rathbun v. Autozone, Inc., 361 F.3d 62, 70 (1st Cir. 2004). Therefore, because the Court acknowledges that Mitson and Cherry Hill were out of the picture after 1996, neither FEPA nor RICRA may be applied to conduct for which Mitson or Cherry Hill might be responsible.

Because Plaintiff's sole claims against Mitson and Cherry Hill are time-barred, no cause of action survives against them. Defendants' fraudulent joinder argument thereby gains some traction. The central question in a fraudulent joinder analysis concerns whether the joinder of the

non-diverse party has a reasonable basis in law and fact. Lawrence Builders, Inc. v. Kolodner, 414 F. Supp. 2d 134, 137 (D.R.I. 2006)(citing Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 67 (D.R.I. 2002)). Fraudulent joinder describes any improper joinder, so a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden. Lawrence Builders, 414 F. Supp. 2d at 137 (citing Coughlin v. Nationwide Mut. Ins. Co., 776 F. Supp. 626, 628 n.3 (D. Mass. 1991)). Because there is no reasonable basis in law and fact for Plaintiff's claims against Mitson and Cherry Hill, the Court finds they have been fraudulently joined. Accordingly, the Court will not consider them in analyzing diversity jurisdiction. Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983).

Life Care is a Tennessee corporation with its principal place of business in Cleveland, Tennessee. Haase and Charron, the individual Defendants, are both Massachusetts residents. Plaintiff is a resident of Rhode Island. There is, therefore, complete diversity between Plaintiff and the remaining Defendants. The jurisdictional amount requirement of $75,000 is not an obstacle to removal, Plaintiff's arguments to the contrary notwithstanding.[1] Consequently, Plaintiff's Motion to Remand is denied.

Furthermore, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court orders the dismissal of Mitson and Cherry Hill as Defendants in this action. Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."); Lawrence Builders, 414 F.

---

[1]Plaintiff argues that Defendants have failed to allege sufficiently the $75,000 jurisdictional amount. Plaintiff claims $27,000 in lost wages as well as compensatory and punitive damages, attorneys' fees and costs, the total of which could easily exceed $75,000 if Plaintiff were to prevail at trial. Moreover, Plaintiff refused to stipulate that she would cap her damages at $75,000. See Satterfield v. F.W. Webb, Inc., 334 F. Supp. 2d 1, 4 (D. Me. 2004).

Supp. 2d at 138 (citing Covington v. Indemnity Ins. Co. of N. Am., 251 F.2d 930, 934 (5th Cir. 1958)(affirming trial court's *sua sponte* dismissal of defendant found to have been fraudulently joined to defeat federal jurisdiction)).

II. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED and all counts against Mitson and Cherry Hill are DISMISSED.

SO ORDERED:

Mary M. Lisi

Mary M. Lisi
United States District Judge
August 22, 2006