UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND:

JOHN MONK,
Plaintiff,
v.

US AIRWAYS, INC., and
DIANA OMBRELLARO
Defendants.

C. A. No. 1:07-cv-00354-WES

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant US Airways, Inc. ("US Airways"), for its Answer, states as follows[1]:

**JURISDICTION AND VENUE**

1. Paragraph 1 of Plaintiff's Amended Complaint contains conclusions of law to which no response is required, and, further answering, states that to the extent that Paragraph 1 contains allegations of fact, those allegations are denied.

2. Paragraph 2 of Plaintiff's Amended Complaint contains conclusions of law to which no response is required, and, further answering, states that US Airways operates out of the T. F. Green Airport in Warwick, Rhode Island, that Diana Ombrellaro resides in Rhode Island, and that US Airways is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence.

[1] Plaintiff has also brought the First Amended Complaint against Defendant Diana Ombrellaro. As set forth in the Notice of Removal filed by US Airways, Plaintiff is unable to maintain any viable cause of action against Defendant Ombrellaro because he did not commence an action within one year as required under the Rhode Island Civil Rights Act ("RICRA") RI Gen. Laws § 42-112-1, et seq., and did not file suit against Defendant Ombrellaro within ninety (90) days of the date of the Right to Sue letter, as required under Rhode Island Fair Employment Practices Act ("FEPA") RI Gen. Laws § 28-5-24.1. Accordingly, inclusion of Defendant Ombrellaro in Plaintiff's Amended Complaint constitutes fraudulent joinder and Defendant Ombrellaro is not properly a party to this action. Plaintiff's counsel has indicated that he has no objection to proceeding solely against US Airways and, as of the date of this Answer, the parties are discussing the appropriate procedure for dismissing Defendant Ombrellaro. In the event that Defendant Ombrellaro is not dismissed from this action, Defendant's Answer to Plaintiff's Amended Complaint, including the affirmative defenses contained therein, is filed on her behalf.

**COUNT - 1**

**DISPARATE TREATMENT BASED ON RACE ON UNDER THE RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT RIGL 28-5-1, ET SEQ**

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Amended Complaint.

4. Defendant denies the allegations in Paragraph 4 of Plaintiff's Amended Complaint as stated and, further answering, states that US Airways has its principle place of business in Tempe, Arizona and that it operates a commercial passenger air travel service at T. F. Green Airport in Warwick, Rhode Island.

5. Defendant denies the allegations in Paragraph 5 of Plaintiff's Amended Complaint as stated and, further answering, states that Diana Ombrellaro is employed as the station manager for US Airways at the T. F. Green Airport in Warwick, Rhode Island and that she resides in Warwick, Rhode Island.

6. Defendant admits the allegations in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant admits the allegations in Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant denies the allegations in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant denies the allegations in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant admits the allegations in Paragraph 10 of Plaintiff's Amended Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Amended Complaint.

**COUNT - II**

**VIOLATION OF RI CIVIL RIGHTS ACT OF 1990**

16. Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 15 of Plaintiff's Amended Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

If Plaintiff suffered damages as alleged in the Complaint, he is barred from recovery, in whole or in part, due to a failure to mitigate those damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to exhaust his administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant attempted in good faith to comply with applicable employment discrimination laws during Plaintiff’s employment.

**SEVENTH AFFIRMATIVE DEFENSE**

Every action taken by Defendant with respect to Plaintiff was taken for legitimate business purposes and was consistent with principals of law.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant reserve the right to add such additional affirmative defenses as become evident as the case progresses.

WHEREFORE, Defendant prays:

1. That the Amended Complaint be dismissed in its entirety;

2. That judgment be entered for Defendant on all counts; and

3. That the Court award such other relief as may be just and proper.

Defendant,
US Airways, Inc.,
By its attorneys,

/s/ Christopher J. Campbell

Christopher J. Campbell (R.I. Bar No. 6611)
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: October 1, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2007, I caused a copy of the foregoing document to be served by first class U. S. mail, postage pre-paid on Plaintiff's attorney, Casby Harrison, III, Esquire, Harrison Law Associates, 807 Broad Street, Suite 100, Providence, RI 02907.

/s/ Christopher J. Campbell
JACKSON LEWIS LLP