**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JOHN MONK**<br><br>*Plaintiff,*<br>v.<br><br>**US AIRWAYS, INC. and DIANE OMBRELLARO, in her Individual capacity**<br><br>Def*endant,* | **C.A. No.: 07 – 354S** |

**PRE-TRIAL CONFERENCE STATEMENT**
**OF PLAINTIFF, JOHN MONK**

## I. Brief Background

Plaintiff John Monk is Black. He began working for US Airways, Inc. in 1989 as a baggage handler. In 1993 Mr. Monk was asked by his then Station Manager Marilyn Garrity if he would be interested in bidding on a contract to clean airplanes owned by Alleghany Commuter Airlines. Mr. Monk responded in the affirmative. He bid on the contract and was awarded it.

In 2001 Mr. Monk was asked by a different Station Manager if he would be interested in bidding on a contract to clean airplanes owned by Trans State Airlines. Mr. Monk again responded in the affirmative. He bid on the contract and was awarded it.

In January 2005 Mr. Monk became aware that US Airways was seeking bids for a contract to clean airplanes owned by US Airways. Mr. Monk approached his then Station Manager, Diane Ombrellaro and expressed his desire to bid. Ms. Ombrellaro told Mr. Monk he could not bid because it would be a violation of the US Airways' Code of

Business Conduct and Ethics for an employee of US Airways to engage in contract work for the Company while employed by the Company.

Shortly thereafter, Mr. Monk was approached by a white co-worker, Larry Wise and Mr. Wise asked Mr. Monk to help him prepare a bid on the contract to clean US Airways' planes, and for the two of them to work together as partners. Mr. Monk told Mr. Wise that Diane Ombrellaro had told Mr. Monk he could not bid. Mr. Wise stated that he too had approached Diane Ombrellaro and she assisted him in his quest to bid by requesting a copy of the bid package from the Director of Purchasing, Victor Graf, and giving the bid package to Mr. Wise. Later, Mr. Wise informed Diane Ombrellaro that he intended to partner with Mr. Monk. Ms. Ombrellaro discouraged Mr. Wise from including Mr. Monk, and Mr. Wise proceeded to submit his bid alone, without Mr. Monk.

Diane Ombrellaro maintains that she told Mr. Monk to contact the Director of Purchasing directly. Mr. Monk denies that and maintains that Ms. Ombrellaro told him only that he could not bid, while on the other hand, told Mr. Wise that he could bid, on the condition that he would have to resign his employment if he was awarded the contract.

Because Plaintiff was treated differently than his white coworker and was denied the opportunity to bid on the basis of his race he filed a Charge of Discrimination with the Rhode Island Commission for Human Rights in March 2006. Plaintiff received a Right to Sue notice dated January 31, 2007 and filed his Complaint against US Airways, Inc. in Providence County Superior Court within 90 days, on May 1, 2007. Plaintiff subsequently moved the Providence County Superior Court to Amend the Complaint and for Change of Venue to Kent County Superior Court. Both Motions were granted.

Plaintiff's Amended Complaint added Diane Ombrellaro as a Defendant and was filed on August 27, 2007.

On September 18, 2007 Defendants removed the case to this Court and argued in their Notice of Removal that because Ms. Ombrellaro was not named as a Defendant within 90 days of the Right to Sue letter, Plaintiff's Complaint as to her should be dismissed. Plaintiff is prepared to Stipulate that the Amended Complaint does not relate back to the date of the original Complaint for purposes of adding Ms. Ombrellaro as a Defendant and that the Complaint as to Ms. Ombrellaro should be dismissed.

**II. Plaintiff's Claims**

John Monk has stated a claim of purposeful discrimination and disparate treatment on the basis of race under the Fair Employment Practices Act, RIGL 28-5-1 et seq., and the Rhode Island Civil Rights Act, RIGL 42-112-1 et seq., and each requires the same basic analysis. Once the minority Plaintiff has alleged a prima facie case that he (1) is a member or a racially protected class; (2) was denied by a contracting authority which was also his employer, the opportunity to bid on the basis of his race; and (3) suffered monetary damages as a result of a racially discriminatory denial of opportunity to bid; the employer/contracting authority has the burden of stating a legitimate nondiscriminatory reason for the employer/contracting authority's denial. After the employer/contracting authority had done so, it then becomes Plaintiff's burden to demonstrate by a preponderance of the evidence that the asserted reason was pretexual, either by showing that the asserted reason was not applied in a nondiscriminatory manner, or by proving that discrimination was more likely the employer's true motivation. T & S Service Associates, Inc., et al., v. John Crenson, et al., 666 F.2d 722(1st Cir. 1981).

Plaintiff, John Monk
By his Attorney,

Casby Harrison, III, R.I. Bar No. 3054
HARRISON LAW ASSOCIATES
807 Broad Street, Suite 100
Providence, RI 02907
Tel: (401) 467-2000
Fax: (401) 467-2001
casby@casbyharrison.com

**Dated: October 19, 2007**

**CERTIFICATION**

I hereby certify that I emailed this Pre-trial Conference Statement to opposing counsel, Christopher J. Campbell, Esq. at campbelc@jacksonlewis.com and manually filed it with the District Court Clerk's office on October 19, 2007.

Casby Harrison III